IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HIGHLAND ASSOCIATES, :
:
      **Plaintiff** :
:
v. : CIVIL ACTION NO. 3:CV-08-2098
: (JUDGE KOSIK)
:
I.PARK N-VALLEY, LLC, :
:
      **Defendant** :

## M E M O R A N D U M and O R D E R

This matter is before us on the motion of Defendant, i.Park N-Valley, LLC, to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), because the court lacks jurisdiction, or in the alternative, venue in the Middle District of Pennsylvania is improper.

## BACKGROUND

The Complaint in this diversity action states that Plaintiff, Highland Associates ("Highland"), an entity formed under Pennsylvania law and with a principal place of business in Clarks Summit, Pennsylvania, was contacted by "several entities,"[1] other than Defendant i.Park N-Valley, LLC ("i.Park"),[2] to perform construction services for a property located in

---

[1] Apparently, one of the entities was the Industrial Development Agency for the City of Yonkers ("IDA"), which owned the Project building.

[2] Defendant i.Park is a business entity formed under the laws of Delaware and with a principal place of business in Greenwich, Connecticut.

Yonkers, New York (the "Project"). At some point during the Highland performance, the "entities" experienced financial difficulty, which resulted in missed payments to Highland for the Project construction services. To secure its right to full payment, Highland filed a mechanics lien against the Project for approximately $397,583.

Before all work was completed, the "entities" had a buyer for the building in Yonkers. Highland had to be induced to withdraw the mechanics lien, which stood as an impediment to the sale. Accordingly, new contracting entities, including i.Park, entered into a letter settlement agreement dated November 22, 2006, which is the basis for this action by Highland. The agreement, attached to the Complaint, allowed for the withdrawal of the mechanics lien and sale of the property to i.Park. Highland agreed to do certain things to facilitate the receipt of economic grant money to the Project, and to perform and continue services through the construction phase. Highland agreed to accept $150,000 as final payment for amounts due to it, despite the greater amount of the mechanics lien. i.Park undertook to pay Highland the amount of $150,000 out of the economic grant money. If the grant did not materialize, i.Park was to pay Highland $75,000 along with an equal amount from the Yonkers Industrial Development Agency. Highland reserved the right to pursue the collection of the full balance of $397,583 if payments were not received as indicated.

Highland claims it did not receive the payments set forth in the agreement, which now obligated I. Park to pay Highland the full amount of $397,583. Highland acknowledges

that in spite of the breach of the contract, it did receive some payments, leaving a total of $172,583 as the balance due and owing.

## DISCUSSION AND CONCLUSION

In its motion, i.Park seeks to dismiss the Complaint, arguing that it had nothing to do with the construction contract, a fact not relevant to the agreement that is the basis for this action. As to the latter, i.Park claims neither jurisdiction nor venue belong in this district because i.Park is not subject to personal jurisdiction and the major events giving rise to the contract on which this action is based occurred in New York.

i.Park claims that although it acquired the property in New York, events leading to the withdrawal of the mechanics lien were primarily handled by the IDA. Any contacts that i.Park had with Plaintiff occurred either on the telephone or through correspondence, and always under the auspices of the IDA. i.Park claims it has no minimum contacts or other connection with Pennsylvania, either now or in the past.

The parties have briefed the motion, resulting in very little dispute as to the applicable law. This motion is inherently a matter that requires resolution of factual issues outside the pleadings. Once the jurisdiction defense is raised, the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. This only requires a prima facie showing of jurisdiction. In this regard, Plaintiff as well as Defendant have offered affidavits. Plaintiff has also attached the contract

implicated here, which is on Defendant's letterhead and signed by the parties' representatives including IDA. Plaintiff's affidavit states that i.Park "by its principles, representatives and/or by its attorneys" reached out to Highland at its offices in Pennsylvania, seeking an agreement that i.Park wanted to release the mechanics lien standing in the way of i.Park's purchase of the property in New York. Highland was contacted separately by telephone, letters, facsimile transmissions, and/or e-mails in the form of negotiations intended to benefit i.Park as well as Plaintiff. As noted earlier, i.Park drafted an agreement on its letterhead, which was sent to Pennsylvania for Highland's acceptance and execution in Pennsylvania. Funds that Highland were to receive were to be delivered to Highland in Pennsylvania. Following the execution of the agreement, i.Park purchased the New York property free and clear from the mechanics lien.

i.Park has offered a contradictory affidavit, however, any conflict of facts between plaintiff and defendant are to be resolved in favor of plaintiff. <u>Barrett v. Catacombs Press</u>, 44 F. Supp. 2d 717, 722 (E.D. Pa. 1999). Significantly, the <u>Barrett</u> case goes on to state that there, as here, specific jurisdiction, as opposed to general jurisdiction applies, which needs an examination of minimum contacts with Pennsylvania. Physical presence is no longer necessary to establish minimum contacts for personal jurisdiction. Important factors are the quality of the contacts, whether the cause of action flows from the contacts, and whether the defendant has purposefully availed itself of the privilege of conducting activities

in the forum state. 44 F. Supp. 2d at 724. Similarly, in Grand Entertainment Group v. Star Media Sales, 988 F.2d 476, 482 (3d Cir. 1993), the court decided that contract negotiations consisting of telephone calls and correspondence, while at times mixed with a meeting in the forum state, can consist of enough, even without the meeting in the forum state, citing a New Jersey case as well as a case in the Tenth Circuit, Taylor v. Phelan, 912 F.2d 429, 433-44, n.4 (10th Cir. 199) ("so long as it creates a substantial connection, even a single telephone call into the forum state can support jurisdiction"). In fact, the court held that "activities of a party's agent may count toward the minimum contact necessary to support jurisdiction." The New Jersey case, Lebel v. Everglades Marina, Inc., 558 A.2d 1252, 1256 (N.J. 1999) held that presence in the state was not critical for minimum contacts to exist.

Applying these standards, without excess elaboration, satisfies us that Plaintiff has carried its burden of establishing a prima facie case of personal jurisdiction as well as venue in this district. The motion (Doc. 5) will be denied. Defendant is directly to answer the Complaint within twenty (20) days.

**SO ORDERED.**

Dated: May 13, 2009

Edwin M. Kosik
United States District Judge

5